## City of Pittsburgh v. Veri

Before Soffel, Lewis and Brown, JJ.

*J. Frank McKenna, Jr.*, City Solicitor, and *Regis C. Nairn*, Assistant City Solicitor, for City of Pittsburgh.

*Walter A. Koegler, Robert A. Jarvis* and *Beck, McGinnis & Jarvis*, for defendants.

LEWIS, J., May 2, 1961.—This matter comes before the court en banc on defendants' preliminary objections to plaintiff's complaint in trespass.

Plaintiff, the City of Pittsburgh, brought this action in trespass against Veri and Vallor, the Diulus Construction Company, Inc., and the South Pittsburgh Water Company, alleging they were negligent in connection with the grading, paving, curbing and sewering of Kirsopp Avenue prior to the acceptance of the dedication of Kirsopp Avenue as a public street.

Defendants, Verl and Vallor, filed preliminary objections in the nature of a demurrer. Defendant, the South Pittsburgh Water Company, also filed preliminary objections in the nature of a demurrer, and in the nature of a petition raising the defense of pendency of a prior action.

### Facts

Defendants, Veri and Vallor, were the owners and developers of a plan of lots in the twentieth ward of the City of Pittsburgh known as the Crane Hill Plan, which plan was recorded on February 11, 1952, in the recorder's office of Allegheny County in Plan Book, vol. 48, p. 131. By the recording of this plan. Kirsopp Avenue was dedicated to the City of Pittsburgh as a public street. Prior to the acceptance of the dedication, defendants planned and constructed Kirsopp Avenue, including the grading, paving, curbing, sewering and laying of the water lines. Diulus did the actual paving

under contract with Veri and Vallor, the dedicators, and the South Pittsburgh Water Company laid the water lines.

The city accepted the dedication of two sections of Kirsopp Avenue, with which we are here concerned, by separate ordinances: Ordinance No. 493 of December 29, 1952, and Ordinance no. 13 of January 26, 1954. By these ordinances, the city accepted the "grading, paving, curbing and sewering" of Kirsopp Avenue and declared them to be public improvements. These ordinances further provided that by accepting this dedication, the city assumed the obligation to repair and maintain those portions of Kirsopp Avenue thereafter. As conditions precedent to the acceptance of Kirsopp Avenue, the city required defendant, Diulus Construction Company, to furnish a defect maintenance bond in the amount of $29,000 with sufficient surety, and required a report from its own inspector recommending the acceptance.

In June of 1954, the pavement of Kirsopp Avenue began to break up and collapse, and the city now alleges that this pavement will have to be repaired and reconstructed at a cost of $60,000.

Prior to the filing of the suit in the instant case, the City of Pittsburgh filed a suit in assumpsit at no. 2285, January term, 1958, for this same damage claim against the Diulus Construction Company and against its surety, alleging defective construction. In that suit, the city seeks damages in the amount of $60,-000 from Diulus, and $29,000 from the surety. In that case, the South Pittsburgh Water Company was joined as an additional defendant. Although that action is still pending, with no disposition having been made, plaintiff now brings this separate action in trespass against the developer of the aforesaid plan of lots alleging negligence in connection with the same defective construction of Kirsopp Avenue.

## Discussion

The preliminary objections filed by Veri and Vallor raise the question of whether or not one who dedicates land for public use with improvements thereon should later be held financially responsible for defects in the quality of the improvements which show up after the dedication has been accepted. The same question may thus be restated: Does an owner who dedicates a way to the public, warrant or represent that the land so dedicated is fit for the purpose for which it is granted.

We have not found any Pennsylvania cases on this point which most likely can be explained by the fact that a municipality would normally proceed against the contractor and its surety on the defect maintenance bond. However, the question has been raised and it will be necessary that we rule on it.

The text writers on the subject seem to take the position that the dedicator is not legally responsible for any defects which may show up after the dedication has been accepted.

In 26 C. J. S., the chapter on Dedication, §54, entitled "Rights of Public," the editorial comment, at page 538, reads:

"As to condition of dedicated property. The public takes the property as it is when dedicated, subject to the inconveniences and risks, and no one has any rights against a dedicator because of the condition of the property when dedicated, since the dedication carries with it no warranties."

The same encyclopedia, at page 399-400, reads:

"Gift or grant. Considering a dedication as the voluntary transfer of an interest in land, it partakes not only of the nature of a grant, but, in addition, it also partakes of the nature of a gift, inuring to the benefit of the public, and is governed by the fundamental principles which control grants and gifts."

An article in McQuillin on Municipal Corporations (3rd ed.), vol. 11, §33.66, entitled "Effect of dedication on rights of dedicator," at page 757, dealing with this subject, reads:

". . . On the other hand, an owner who dedicates a way to the public neither warrants nor represents that the land is fit for the purpose, but the public takes it as it is granted, and in the condition in which it is at the time of the dedication. . . ."

In another treatise, Elliott, Roads and Streets (4th ed.), sec. 148, entitled: "Donor does not warrant fitness of land for street," we find the same comment.

Going to another jurisdiction, we find an old New Jersey opinion where a related question was considered. In State v. Society for Establishing Useful Manufactures, the court had before it the question of whether or not a dedicator had the duty to provide guard rails around an excavation on his property, after he had dedicated the land lying along his excavation for public use as a highway. The writer of that opinion held that the public took the land as it came. The applicable excerpt reads:

"Land dedicated and accepted for public use as a way, has universally been considered, with respect to its condition within the lines of the way, as taken by the public *cum onere*. It devolves on the public to adapt it to public use, and to guard the safety of public passage. If a natural ravine, or even an artificial excavation crosses it, or a ledge of rocks intercepts passage, no one pretends that the land-owner is to bridge the ravine, fill up the excavation or remove the ledge, or be liable for maintaining an obstruction in the highway": State v. Society for Establishing Useful Manufactures, 44 N. J. L. 502, 506 (1883).

In the State of New York, an action was brought against a dedicator to abate a nuisance, and to enjoin trespassing on lands as a consequence of the construc-

tion of a drainage system. The court held that the dedication carried with it no warranties. The applicable portion of the opinion reads:

"Assuming that the respondents created a nuisance from which the plaintiff suffers, the responsibility therefor does not rest upon them because they are no longer in possession and control of the drainage system, having dedicated the streets containing it to the Town of North Hempstead. The dedication carried with it no warranties or any inference that the drainage system was to be continued in any particular form. The respondents are, therefore, not liable for the continuance of the alleged nuisance": Board of Education, Etc., v. Town of North Hempstead, 18 N. Y. S. 2d 433.

A West Virginia case holds that there is no obligation on a party dedicating streets and alleys to put them in reasonable condition for use: Griffin v. Richardson, 83 W. Va. 442, 98 S. E. 523.

We do not feel that the dedicator should be held liable in tort for defects in the quality of the construction of Kirsopp Avenue in this case. A dedicator of land has no duty to put it in reasonable condition for use, nor does he warrant it fit for use. The municipality may refuse to accept the dedication if it is not satisfied with the condition of the land.

Having accepted the dedication, however, the municipality has no claim against the dedicators if defects later appear in the land dedicated.

It is our opinion, therefore, that there is no cause of action in tort against a dedicator of land for public use, for defects appearing subsequent to the acceptance of the dedication, even though such defects may have been the result of negligence during the construction.

The preliminary objections of defendants, Veri and Vallor, will be sustained.

The first preliminary objection raised by defendant, South Pittsburgh Water Company, is in the nature of

a demurrer. There is no merit in this objection. The averments in the complaint set forth sufficient facts, which, if true, give rise to a valid cause of action, and therefore, this objection is dismissed.

The second objection of the South Pittsburgh Water Company is that plaintiff has previously brought a suit in assumpsit on the same cause of action which is still pending. This, defendant contends, bars the present suit under the doctrine of election of remedies.

Where plaintiff has a choice of remedies, his election to sue in contract may be a waiver of the tort. But this doctrine of election of remedies is applicable only where two or more coexistent remedies are available which are repugnant and inconsistent. Where the law furnishes plaintiff with two or more concurrent and consistent remedies he may prosecute one or all until satisfaction is had.

A remedy is inconsistent if the facts relied on as the basis of the remedy are inconsistent with, and repugnant to, another certain state of facts relied on as the basis of the other remedy: Simpson v. Equitable Life Assurance Society of the United States, 127 Pa. Superior Ct. 386 (1937). In the case at bar, by asserting a remedy in trespass, plaintiff does not deny or repudiate the contract, and therefore, it may pursue either or both actions until satisfaction is had.

The preliminary objections of the South Pittsburgh Water Company are dismissed.